# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **BURNIE MAJEED, SR.; BURNIE MAJEED, JR.; and KENYA MAJEED,** | |
| **Plaintiffs,** | **Case No. 1:07CV00222(JR)** |
| **vs.** | |
| **THE STATE OF NORTH CAROLINA; and NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; and UNIVERSITY OF NORTH CAROLINA; and THE EPISCOPAL DIOCESE OF NORTH CAROLINA,** | |
| **Defendants.** | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STATE OF NORTH CAROLINA'S, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS', AND THE UNIVERSITY OF NORTH CAROLINA'S MOTION TO DISMISS OR TRANSFER

Defendants the State of North Carolina, North Carolina Administrative Office of the Courts, and the University of North Carolina (the "State of North Carolina" or "State defendants") move to dismiss plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(2) or, in the alternative, pursuant to 28 U.S.C. § 1391(b), transfer the action to the Eastern or Middle District of North Carolina. Plaintiffs have failed to meet their burden of demonstrating that this Court has personal jurisdiction over State defendants. Plaintiffs have failed to demonstrate any connection between the District of Columbia and the State of North Carolina or the subject matter of the Complaint. Therefore, plaintiffs' claims against State defendants must be dismissed for lack of personal jurisdiction.

## STATEMENT OF THE CASE

This is an action brought under "Federal Law" and "the United States Constitution."  Complaint, ¶ 2.  The Complaint alleges the following pertinent facts:

Plaintiffs are the alleged children of the illegitimate offspring of Francis Smith, who died intestate in 1877, and Harriet Smith, a Cherokee Indian.  Complaint, ¶ 1, Exhibit C.  It is alleged that after Francis Smith died, his sister Mary Ruffin Smith fraudulently qualified as administratrix of Francis Smith's estate by misrepresenting herself as a widow.  Complaint, ¶ 1, Exhibits A, B.   Mary Ruffin Smith subsequently made charitable donations of tracts of Francis Smith's property to the University of North Carolina and the Episcopal Diocese of North Carolina.  Complaint, ¶ 1, Exhibit B.

Based on those allegations, plaintiffs claim that defendants committed "acts of fraud" and "improper execution," "in violation of the Federal Law and in violation of the United States Constitution."  Complaint, ¶ 2.  Plaintiffs seek a return of the tracts of land in question, a declaration recognizing that plaintiffs' family never relinquished their status as the family of Francis Smith, and damages suffered by thirty family members over 120 years.  Complaint,  ¶ 10-12.

The Complaint is devoid of any allegations that the State defendants do business in, or have any connection to, the District of Columbia.  Furthermore, all of the acts in issue are alleged to have occurred in North Carolina.  Plaintiffs make no attempt to make any connection between the acts allegedly giving rise to their claims against the State defendants and the District of Columbia.

**ARGUMENT**

This matter is before the Court on State defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) for failure to establish a basis for the Court to exercise personal jurisdiction over them. State defendants contend that the Complaint fails to establish a factual basis for this Court to exercise personal jurisdiction over them, and, therefore, the Complaint must be dismissed.

### I. PLAINTIFFS HAVE NOT ALLEGED FACTS TO SUPPORT JURISDICTION OVER STATE DEFENDANTS.

#### A.  PLAINTIFFS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING THAT THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER STATE DEFENDANTS.

Under Fed. R. Civ. P. 12(b)(2), plaintiffs carry "the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc.*, 282 U.S. App. D.C. 295, 894 F.2d 454, 456 (D.C. Cir. 1990). Plaintiffs must allege "specific acts connecting [the] defendant with the forum," and "bare allegation[s] of conspiracy or agency [are] insufficient to establish personal jurisdiction." *First Chicago International v. United Exchange Co.*, 267 U.S. App. D.C. 27, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988) (internal quotation marks and citations omitted). Here, plaintiffs have alleged no facts in the Complaint or its attachments to connect the State defendants with the District of Columbia and have not even attempted to meet their jurisdictional burdens. Therefore, plaintiffs have failed to meet their burden, and the Complaint against State defendants must be dismissed for lack of jurisdiction.

## B.  PLAINTIFFS CANNOT ALLEGE ANY FACTS WHICH WOULD ESTABLISH EITHER SPECIFIC OR PERSONAL JURISDICTION OVER STATE DEFENDANTS.

In the District of Columbia, there are two statutory bases for establishing personal jurisdiction.  *See* D.C. Code Ann. § § 13-422 (general personal jurisdiction), 13-423 (specific personal jurisdiction).  However, both Sections 13-422 and 13-423 are inapplicable to State entities, and therefore neither may be invoked by the Court to establish personal jurisdiction over State defendants.  *See United States v. Ferrara*, 54 F.3d 825, 832, 311 U.S. App. D.C. 421 (D.D.C. 1995) (noting that a state may neither be "domiciled in" or "organized under" the laws of the District for purposes of Section 13-422, nor be considered a "person" for the purposes of Section 13-423).  Further, even if the Court were to find either statute applicable to State defendants, the Complaint fails to proffer any "specific acts" connecting State defendants with the District of Columbia under either Section 13-422 or 13-423, and therefore the Complaint must be dismissed.  *See Marshall v. Labor & Indus.*, 89 F. Supp. 2d 4 (D.D.C. 2000) (dismissing complaint against State of Washington, where plaintiff failed to allege that defendants had any connection to the District of Columbia and all the tortious acts alleged by the plaintiff occurred in the State of Washington); *Lacey v. Wing*, 360 F. Supp. 2d 31 (D.D.C. 2003) (dismissing pro se action against New York defendants, for lack of personal jurisdiction).

Plaintiff might first have tried to establish general personal jurisdiction under D.C. Code Ann. Section 13-422, by demonstrating that State defendants are "domiciled in, organized under the laws of, or maintaining his or her place of business in, the District

of Columbia as to any claim for relief."  However, under no circumstances may a State

be "domiciled in" the District or "organized under" the laws of the District.  *See United

States v. Ferrara*, 54 F.3d 825, 832, 311 U.S. App. D.C. 421 (D.D.C. 1995).

Furthermore, the Complaint does not allege that any of State defendants "maintain

[their] principal place of business" in the District of Columbia.  Indeed, State defendants

are all North Carolina entities with their principal place of business located in North

Carolina.  Plaintiffs have not alleged that any State defendant has any continuing

presence in the District of Columbia, and, therefore, have failed to establish general

personal jurisdiction over any State defendant under Section 13-422.

Alternatively, plaintiffs might try to establish specific personal jurisdiction under

the District's long-arm statute, D.C. Code Ann. Section 13-423.[1]  The long-arm statute

is inapplicable to State defendants, however.  In *United States v. Ferrara*, *supra*, the

---

[1]In relevant part, the District's long-arm statute provides that a District of Columbia court may exercise specific personal jurisdiction over a person, "as to a claim for relief arising from the person's -

(1) transacting any business in the District of Columbia;
(2) contracting to supply services in the District of Columbia;
(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
(5) having an interest in, using, or possessing real property in the District of Columbia;
(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
(7) marital or parent and child relationship in the District of Columbia . . . ."
D.C. Code Ann. Section 13-423(a).

United States Court of Appeals for the District of Columbia found that the long-arm statute's text "affirmatively implies that a State is not a 'person' for its purpose." *United States v. Ferrara*, 54 F.3d at 832. *See also Moore v. Motz*, 437 F. Supp. 2d 88, 94 (D.D.C. 2006) (holding that the court lacked personal jurisdiction over the State of Maryland because states were not "persons" within the meaning of the District of Columbia long-arm statute). Therefore, even if plaintiffs had attempted to establish "specific facts" connecting any State defendant with the District of Columbia, the Complaint must be dismissed because the District of Columbia's long-arm statute is inapplicable to State defendants.

Further, even if the long-arm statute were applicable, the Complaint fails to allege any of the statutory grounds for exercising specific personal jurisdiction over State defendants. Plaintiffs' claims are not alleged to arise from a transaction of business by State defendants in the District or to arise from a contract to provide services in the District. There is no allegation that the claims arise from any tortious injury plaintiffs suffered in the District. Indeed, the Complaint only alleges an injury caused in North Carolina by acts occurring within North Carolina. There is no allegation that State defendants regularly do or solicit business in the District, or have an interest in, use, or possess real property in the District of Columbia. Furthermore, D.C. Code Ann. Section 13-423(a)(6) does not apply, in that State defendants are not insurers and do not act as a surety in the District of Columbia. D.C. Code Section Ann. 13-423(a)(7) does not apply because this is not a family matter. Thus, even if the long-arm statute were applicable to State defendants, plaintiffs have failed to offer any "specific facts" to establish specific personal jurisdiction over State defendants. Therefore the Complaint

against State defendants must be dismissed.

## II.  THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR THE ACTION.

Even if plaintiffs had alleged sufficient facts to establish jurisdiction over State defendants in the District of Columbia, venue in the District of Columbia is improper under  28 U.S.C § 1391.   Therefore, under 28 U.S.C. § 1406(a) the Court must dismiss the action or, if it deems it to be in the best interest of justice, transfer the action to North Carolina.

The Complaint alleges that defendants committed unlawful actions in violation of federal law and the United States Constitution.  Complaint, ¶ 2.  Plaintiffs have not alleged that any specific statute establishes venue for their action in the District of Columbia.   28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

State defendants have been unable to find any authoritative District of Columbia precedent regarding the "residence" of the State of North Carolina for purposes of determining venue under 29 U.S.C. § 1391.  However, it is plain that the State of North Carolina does not reside in the District of Columbia.

The Episcopal Diocese of North Carolina has alleged that it resides in the Eastern District of North Carolina.   The State of North Carolina submits that it resides throughout the State of North Carolina.  *See*, *Alabama v. United States Army Corps of*

*Eng'rs*, 382 F. Supp. 2d 1301, 1329 (D. Ala. 2005) (State of Alabama resides throughout the State and, therefore, may bring suit under 28 U.S.C. § 1391(e)(3) in any district within the state).  The Court can take judicial notice that the North Carolina Administrative Office of the Courts has its principal place of business in Raleigh, North Carolina, in the Eastern District of North Carolina, and the University of North Carolina has its principal place of business in Chapel Hill, North Carolina, in the Middle District of North Carolina.  Therefore, all defendants reside in North Carolina.

Under those circumstances, irrespective of any allegations regarding the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," the Eastern District of North Carolina or the Middle District of North Carolina would be proper venues for this action under 28 U.S.C. § 1391(b)(2).  Consequently, even if plaintiffs could allege that the State of North Carolina can be found in the District of Columbia, plaintiffs cannot rely upon 28 U.S.C. 1391(b)(3) to establish venue in this district.

Therefore, if the Court elects not to dismiss the Complaint against State defendants for lack of personal jurisdiction, 28 U.S.C. §§ 1391(b) and 1406(a) require the Court to dismiss the action on grounds of improper venue or, if it deems it to be in the interest of justice, transfer the action to the Eastern District of North Carolina or the Middle District of North Carolina.

## CONCLUSION

Plaintiffs have failed to meet their burden of establishing a basis for the exercise of personal jurisdiction over State defendants, under either D.C. Code Ann. Section

13-422 or Section 13-423(a).  First, neither Section 13-422 or 13-423(a) are applicable

to State defendants.  Second, even if they were applicable, the Complaint fails to allege

any facts to support the proposition that this Court may exercise general personal

jurisdiction through any continuing presence of State defendants in the District of

Columbia, or specific personal jurisdiction through any of State defendants' business,

contract, or tortious activities conducted in or beyond the District of Columbia.

Therefore, the Complaint fails to establish a basis for the Court to exercise personal

jurisdiction over State defendants and must be dismissed under Fed. R. Civ. P.

12(b)(2).

     Alternatively, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a), the Court should

either dismiss the case for improper venue or transfer the case to either the Eastern or

Middle District of North Carolina.

     Respectfully submitted, this the 26th day of February 2007.

ROY COOPER
Attorney General

/s/ Thomas J. Ziko
Thomas J. Ziko N.C. Bar No. 8577
Special Deputy Attorney General
Attorney for State Defendants
P O Box 629
Raleigh, North Carolina 27602-0629
Tel. (919) 716-6920
Fax (919) 716-6467
E-mail: tziko@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STATE OF NORTH CAROLINA'S, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS', AND THE UNIVERSITY OF NORTH CAROLINA'S MOTION TO DISMISS OR TRANSFER** in the above captioned matter upon all parties by U. S. mail, postage prepaid as follows:

James Sottile                       Burnie Majeed, Sr.
Zuckerman Spaeder LLP               Burnie Majeed, Jr. and
1800 M Street NW                    Kenya Majeed
Suite 1000                          128 Rose Drive
Washington, DC 20036-5802           Mullica Hill, New Jersey 08062
Counsel for Defendant Episcopal     Plaintiffs Pro Se
Diocese of North Carolina


This the 26th day of February 2007.


ROY COOPER
Attorney General


Thomas J. Ziko
Special Deputy Attorney General
N. C. Department of Justice