DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Burnie Majeed Sr., Burnie Majeed Jr., and Kenya Majeed,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>The State of North Carolina, University of North Carolina, and The Episcopal Diocese of North Carolina, Defendants | Case No.: No. 1:07CV00222 (JR)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' PUTATIVE AMENDED COMPLAINT |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' PUTATIVE AMENDED COMPLAINT

In an undated and untitled document, Plaintiffs Burnie Majeed, Sr., Burnie Majeed, Jr., and Kenya Majeed state the following:

> Pro se wish to amend complaint retroactive on Dr. Francis J. Smith estate and all lands, property and financial funds from the time of his death in 1877 until resolved. Pro se wish to have copies of all family history and legal documentation.

The quoted document was served on defendant The Episcopal Diocese of North Carolina (the "North Carolina Diocese") on March 7, 2007. It has not yet appeared on the ECF docket system for this matter, so it is not clear to the North Carolina Diocese if the quoted document was filed with this Court. However, out of an abundance of caution and to avoid the possibility that this Court will treat the quoted document as conceded for lack of opposition pursuant to Local Civil Rule 7(b), the North Carolina Diocese files this Memorandum In Opposition To Plaintiffs' Putative Amended Complaint.[1]

---

[1] As the Plaintiffs' filing does not bear a title and is not yet docketed, the Diocese is uncertain how to properly refer to it for purposes of this Memorandum. Since the document states a "wish to amend [their] complaint," but it is not

1

**Argument**

I.  **To The Extent That The Putative Amended Complaint Actually Seeks To Amend The Plaintiffs' Original Complaint, More Information And A Complete Pleading Is Required.**

As quoted above, in their Putative Amended Complaint, the Plaintiffs state a "wish to amend [their] complaint retroactive on Dr. Francis J. Smith estate and all lands, property and financial funds from the time of his death in 1877 until resolved." To the extent the Putative Amended Complaint is an attempt to amend the Plaintiffs' Complaint, the North Carolina Diocese opposes the motion as stated because it is not clear what part of the Complaint the Plaintiffs wish to amend, and in what manner.

Under Fed. R. Civ. P. 15(a), the Plaintiffs may amend their complaint once as a matter of course before a responsive pleading is served. The Defendants' pending motions to dismiss the Plaintiffs' Complaint are not considered responsive pleadings. *See, e.g., Confederate Memorial Assoc., Inc. v. Hines,* 995 F.2d 295, 299 (D.C. Cir. 1993). However, to amend their complaint, the Plaintiffs would need to file a complete version of the amended pleading sufficient to permit the North Carolina Diocese to respond. The Plaintiffs have not done this.

It is not clear to the North Carolina Diocese what portion of their original Complaint the Plaintiffs seek to amend via the Putative Amended Complaint. Therefore, the Diocese reserves all of its rights to respond appropriately to any amended complaint the Plaintiffs file if and when it needs to do so, pending the outcome of the motion to dismiss now before this Court.

---

clear what the Plaintiffs wish to amend and their document is not denominated as such, the Diocese will refer to it as a "Putative Amended Complaint."

## II. To The Extent The Putative Amended Complaint Seeks Discovery, It Is Untimely.

The Plaintiffs' Putative Amended Complaint states that the Plaintiffs "wish to have copies of all family history and legal documentation." To the extent this statement can be read as a request for the production of documents, the North Carolina Diocese objects to it as premature.

Fed. R. Civ. P. 26(d) prohibits a party from seeking discovery before the parties have the conference required under Fed. R. Civ. P. 26(f), subject to certain exceptions which do not apply here. The Fed. R. Civ. P. 26(f) conference has not yet been held in this matter, and so to the extent the Putative Amended Complaint contains a document request, it is premature. Therefore, the North Carolina Diocese requests that, to the extent the Putative Amended Complaint can be read as a request for the production of documents, such a request be denied.[2]

## Conclusion

The Plaintiffs' Putative Amended Complaint does not sufficiently explain what portions of their original Complaint the Plaintiffs are amending, and so the North Carolina Diocese reserves its rights to respond to any amended pleading when and if it needs to do so pending the outcome of its motion to dismiss for lack of jurisdiction. Furthermore, to the extent the Putative Amended Complaint seeks discovery, it should be denied because it is untimely and premature.

---

[2] The North Carolina Diocese expressly reserves all of its other objections to the Plaintiffs' request for documents.

March 20, 2007

_____
James Sottile (D.C. Bar No. 395736)
Maryll W. Toufanian (D.C. Bar No. 486672)

Zuckerman Spaeder LLP
1800 M Street NW
Suite 1000
Washington, DC 20036-5802
202-778-1800 (telephone)
202-822-8106 (facsimile)
jsottile@zuckerman.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20 day of March, 2007, copies of the foregoing Memorandum Of Points And Authorities In Opposition To Plaintiffs' Putative Amended Complaint were filed electronically with the Clerk of this Court using the CM/ECF system. I further certify that, on the same day, a copy of the same document was sent by certified mail to the Plaintiffs pursuant to Local Civil Rule 5.4(e)(3) at the following address:

> Burnie Majeed Sr.
> Burnie Majeed Jr.
> Kenya Majeed
> 128 Rose Drive
> Mullica Hill, New Jersey 08062

I further certify that on the same day, a copy of the foregoing documents was served electronically on counsel for the State of North Carolina and the University of North Carolina pursuant to Federal Rule of Civil Procedure 5(b) and Local Civil Rule 5.4(d)(1).

*/s/ Darlene White*