UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BURNIE MAJEED, SR.; BURNIE MAJEED, JR.; and KENYA MAJEED,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; UNIVERSITY OF NORTH CAROLINA; and THE EPISCOPAL DIOCESE OF NORTH CAROLINA,<br><br>Defendants. | CASE NO. 1:07CV00222 (JR)<br><br>MOTION TO DISMISS<br>(F.R. Civ. P. 12(b)(1), (2) and (6)) |

**PURSUANT** to F.R. Civ. P. 12(b)(1) and (6), Defendants the State of North Carolina, the North Carolina Administrative Office of the Courts, and the University of North Carolina through undersigned counsel move to dismiss the Complaint against them on grounds that as agencies of the State of North Carolina they are entitled to immunity from suit in federal court under the Eleventh Amendement and on grounds that plaintiffs have failed to state a claim upon which relief can be granted and the claims are barred by the statute of limitations.

Respectfully submitted, this the 9th day of May 2007.

                                        ROY COOPER
                                        Attorney General

                                        /s/Thomas J. Ziko
                                        Thomas J. Ziko
                                        Special Deputy Attorney General
                                        N.C. Bar No. 8577
                                        P O Box 629
                                        Raleigh, North Carolina 27602-0629

Tel. (919) 716-6920
Fax (919) 716-6467
tziko@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing **MOTION TO DISMISS** in the above captioned matter upon all parties by U. S. mail, postage prepaid as follows:

| | |
|---|---|
| James Sottile<br>Zuckerman Spaeder LLP<br>1800 M Street NW<br>Suite 1000<br>Washington, DC 20036-5802<br>Counsel for Defendant Episcopal<br>Diocese of North Carolina | Burnie Majeed, Sr.<br>Burnie Majeed, Jr. and<br>Kenya Majeed<br>128 Rose Drive<br>Mullica Hill, New Jersey 08062<br>Plaintiffs Pro Se |

This the 9th day of May 2007.

ROY COOPER
Attorney General


/s/Thomas J. Ziko
Special Deputy Attorney General
N. C. Department of Justice

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BURNIE MAJEED, SR.; BURNIE MAJEED, JR.; and KENYA MAJEED,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NORTH CAROLINA; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; UNIVERSITY OF NORTH CAROLINA; and THE EPISCOPAL DIOCESE OF NORTH CAROLINA,<br><br>Defendants. | CASE NO. 1:07CV00222 (JR) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STATE OF NORTH CAROLINA'S, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS', AND THE UNIVERSITY OF NORTH CAROLINA'S MOTION TO DISMISS**

Defendants the State of North Carolina, North Carolina Administrative Office of the Courts, and the University of North Carolina (the "State of North Carolina" or "State defendants") move to dismiss the Complaint against them under Fed. R. Civ. P. 12(b)(1), (2) and (6) on grounds that: (1) as agencies of the State of North Carolina they are entitled to immunity from suit in federal court under the Eleventh Amendment; (2) plaintiffs have failed to state a claim upon which relief can be granted against them; and (3) the claims are barred by the applicable statute of limitations.

### STATEMENT OF THE CASE

The Complaint alleges that this is an action brought under "Federal Law" and "the United States Constitution." Complaint, ¶ 2. The Complaint alleges the following

pertinent facts:

Plaintiffs are the alleged children of the illegitimate offspring of Francis J. Smith, who died intestate in North Carolina in 1877, and Harriet Smith, a Cherokee Indian. Complaint, ¶ 1, Exhibit C. It is alleged that after Francis Smith died, his sister Mary Ruffin Smith fraudulently qualified as administratrix of Francis J. Smith's estate by misrepresenting herself as a widow. Complaint, ¶ 1, Exhibit A. However, it is also alleged as stated in Exhibit B to the Complaint that Mary Ruffin Smith relinquished her right to qualify as administratrix of her brother's estate and that she requested that Andrew Mickle be appointed administrator. The Complaint further shows that Andrew Mickle, in fact, was appointed administrator of Francis Smith's estate. Complaint, Exhibit B. At the time of her death, Mary Ruffin Smith made charitable devises of tracts she had inherited from Francis Smith to the University of North Carolina and the Episcopal Diocese of North Carolina. Complaint, ¶ 1, Exhibit B.

Based on those allegations, plaintiffs claim that defendants committed "acts of fraud" and "improper execution," "in violation of the Federal Law and in violation of the United States Constitution." Complaint, ¶ 2. Plaintiffs seek a return of the tracts of land in question, a declaration recognizing that plaintiffs' family never relinquished their status as the family of Francis Smith, and damages suffered by thirty family members over 120 years. Complaint, ¶ 10-12.

## STANDARD OF REVIEW

A motion to dismiss on the grounds of Eleventh Amendment immunity has been reviewed under the provisions of F.R. Civ. P. 12(b)(1) and (2). The United States Court of Appeals for the Fourth Circuit has recently explained that "Eleventh

-2-

Amendment immunity has attributes of both subject-matter jurisdiction and personal jurisdiction." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Thus, courts have found that "[l]ike other issues relating to subject-matter jurisdiction, Eleventh Amendment immunity may be asserted at any time in litigation." *Id.* at 481. Defendants present their Eleventh Amendment defense under both F.R. Civ. P. 12(b)(1) and (2).

A motion to dismiss pursuant to F.R. Civ. P. 12(b)(1) tests the jurisdiction of the Court to hear the plaintiff's claims. Motions to dismiss for lack of jurisdiction may test either the legal sufficiency of the allegations to support jurisdiction or the motion; may contest the facts alleged to support jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When the movant challenges the factual basis for jurisdiction, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004)(quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

A motion to dismiss pursuant to F.R. Civ. P. 12(b)(6) tests the legal sufficiency of the plaintiff's allegations. On a motion under Rule 12(b)(6) to dismiss for failure to state a claim, all well pleaded allegations are presumed to be true and the Court views the allegations in the light most favorable to the plaintiff. *Alston v. North Carolina Agricultural and Technological State University*, 304 F. Supp. 2d 774, 778 (M.D.N.C. 2004); *Neitzke v. Williams*, 490 U.S. 319, 326-27, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 82 L. Ed. 2d 139, 104 S. Ct. 3012 (1984). Legal insufficiency may be found from an absence of facts sufficient to make a good claim. "[I]t is not . . . proper," in considering a motion to dismiss under Rule 12(b)(6), "to assume that plaintiff[ ] can prove facts that [she has] not alleged or that defendants have violated the . . . law[ ] in ways that have not been alleged.'" *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 221 (4th Cir. 1994) (citation omitted). As a result, in ruling on a motion under Rule 12(b)(6) the Court must determine as a matter of law whether the well-pled allegations state a claim for which relief may be granted. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S. Ct. 2932, 2943, 92 L. Ed. 2d 209, 230 (1986)*.* The Court is, however, not required to accept as true the legal conclusions in the complaint. "Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *District 28, United Mine Workers, Inc. v. Wellmor Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979). Thus, on a motion to dismiss, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

## ARGUMENT

**I. STATE DEFENDANTS ARE AGENCIES OF THE STATE OF NORTH CAROLINA AND, AS SUCH, ARE ENTITLED TO IMMUNITY FROM SUIT IN FEDERAL COURT ON THE CLAIMS ALLEGED IN THE COMPLAINT.**

Plaintiffs allege that State defendants engaged in acts of "fraud, improper

execution based on unsoundness of mind." Complaint ¶ 1.

The State defendants are agencies of the State of North Carolina created by the General Assembly. The University of North Carolina is created pursuant to N.C. Const. Art. IX, sec. 8 and N.C. Gen. Stat. § 116-3 (2005). The Administrative Office of the Courts is created pursuant to N.C. Gen. Stat. § 7A-340 (2005).

As State agencies, the State defendants are entitled to Eleventh Amendment protection from any of plaintiffs' pendent state-law claims. In *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.C. 900, 79 L. Ed. 2d 67 (1984), the Supreme Court held that under the Eleventh Amendment federal courts are barred from considering claims that state officials violated state law, whether brought directly or based on pendent jurisdiction. 465 U.S. at 121; see also *Actmedia, Inc. v. Stroh*, 830 F.2d 957, 964 (9th Cir. 1986) (Eleventh Amendment protection applies even where state officials alleged to have acted in excess of their authority); and *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d ll34, 1138 (4th Cir. 1990). .

A state may waive the protection of the Eleventh Amendment by state statute or state constitutional provision. *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. l347, 39 L. Ed. 2d 662 (1974). However, the State of North Carolina has not waived its Eleventh Amendment immunity by statute or by constitutional provision to any claims these plaintiffs might have alleged. *Huang v. Board of Governors*, 902 F.2d 1134, 1139; *Stewart v. Hunt*, 598 F. Supp. 1342, 1350-51 (E.D.N.C. 1984).

Plaintiff also alleges that State Defendants violated unspecified provisions of the United States Constitution and federal statutes. Complaint, ¶1. The Complaint does

not allege and undersigned counsel is not aware of any federal statute which would impose liability on the State defendant agencies for the actions alleged in the Complaint. In any case, Congress may enact laws imposing liability on State agencies only if it clearly and properly exercises its authority under the Fourteenth Amendment to abrogate North Carolina's Eleventh Amendment immunity. *Seminole Tribe v. Florida*, 517 U.S. 44, 134 L. Ed. 2d 252, 116 S. Ct. 1114 (1996). The Complaint does not allege that Congress has so acted to abrogate the State defendants' Eleventh Amendment immunity.

While 42 U.S.C. § 1983 provides a remedy for plaintiffs whose federal statutory or Constitutional rights have been violated by a "person" acting under color of state law, The Supreme Court has held that States and State agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); see also *Ngiraingas v. Sanchez*, 495 U.S. 182, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990). Therefore, even if the plaintiffs had alleged a claim under 42 U.S.C. § 1983 it would not circumvent the State defendants' Eleventh Amendment immunity from liability.

Even if the Complaint had attempted to allege a claim for injunctive relief against a State officer under *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), which it does not, that claim would not lie against any State official for the injuries alleged in the Complaint. In order to maintain an action under *Ex Part Young*, plaintiffs must allege a continuing violation of their federal rights. *Breard v. Greene*, 523 U.S. 371, 118 S. Ct. 1352, 1356, 140 L. Ed. 2d 529 (1998)(the conviction of a

foreign national following arrest allegedly in violation of treaty was not a sufficient continuing consequence of a past violation to satisfy *Ex Parte Young* jurisdiction). It is evident on the face of the Complaint that any involvement that any State official had in the transfers of the property in question occurred in the Nineteenth Century.  In fact, the Complaint does not show any official action regarding any transfers of Francis Smith's property since the administrator paid Mary R. Smith $87.03 on December 14, 1891. Complaint, Ex. B.  Absent any evidence of a continuing violation of federal law or the Constitution, plaintiffs cannot maintain an *Ex Parte Young* action.

      The University of North Carolina's possession of the property does not provide the basis for the Court to exercise jurisdiction over plaintiffs' claims under *Ex Parte Young*.  In *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997), the Supreme Court held that a federal court may not exercise *Ex Parte Young* jurisdiction over Indian tribe's claim to enjoin state officials from regulating or taking any action in violation of tribe's exclusive right to submerged land because the claim was the functional equivalent of a quiet title action and would have removed the lands from the sovereign jurisdiction of the state.  In this case, plaintiffs specifically pray for "the return of our grandfather Francis J. Smith land."  Complaint, ¶ IV.  The Eleventh Amendment bars this Court from exercising jurisdiction over plaintiffs' claim to divest the University of North Carolina of property that has been in its possession for over a hundred years.

      Plaintiffs have failed to allege any claims which would circumvent the State defendants' Eleventh Amendment immunity.  Therefore, the Complaint against them

must be dismissed.

## II. THE COMPLAINT FAILS TO ALLEGE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Generously read, the Complaint alleges that the State defendants violated plaintiffs' rights when, pursuant to the laws of intestate succession, they precluded plaintiffs, the illegitimate children of Francis Smith, from inheriting his property and permitted his sister Mary R. Smith as his sole surviving sibling to take all of his estate.

While the Complaint frequently alludes to plaintiffs' Native American lineage, it their illegitimacy, not their mixed race, that deprived them of sharing in the division of their alleged father's property. Under the common law, which was in effect at the time of Francis Smith's death, illegitimate children could not take property through intestate succession. *Waggoner v. Miller*, 26 N.C. 480, 483, 1844 N.C. LEXIS 52, **6 (1844); see also, *Herndon v. Robinson*, 57 N.C. App. 318, 291 S.E. 2d 305, *appeal dismissed and cert. denied*, 306 N.C. 557, 294 S.E. 2d 223 (1982)(absent compliance with statute an illegitimate has no right to inherit from putative father). While the bar to illegitimates inheriting from an intestate mother was removed by statute at least by 1844, *Waggoner v. Miller*, 26 N.C. at 483, the common law prohibition on unlegitimated children inheriting from their intestate fathers continued in force until 1917 when the first legitimatization statute was enacted. *Stewart v. Stewart*, 195 N.C. 476, 142 S.E. 577 (1928) (after 1917 a child born illegitimate could be legitimized by subsequent marriage of parents). It was not until 1959 that North Carolina recognized that an illegitimate child could be legitimated for purposes of intestate succession by judicial process or paternal acknowledgment. 1959 N.C. Sess. Laws, c. 879; 63 N.C.L. Rev. 1274,

1275-1276. Therefore, at the time of Francis J. Smith's death in 1877, his illegitimate children had no right to succession to any of his property under North Carolina law.

When Francis J. Smith died intestate, unmarried and without legitimate issue, his property passed to his siblings. See *McBryde v. Patterson*, 78 N.C. 412, 1878 N.C. LEXIS 240 (1878). As Mary R. Smith was his only known living sibling, under North Carolina law Mary R. Smith succeeded to all his property. While plaintiffs contend that Mary R. Smith acted contrary to her brother's wishes, whatever Francis J. Smith may have desired is irrelevant; he died intestate and the property passed to Mary R. Smith by operation of law. Once title of the property passed to her, Mary R. Smith was free to give it to the University of North Carolina or dispose of it as she chose. She cannot be held liable for failing to transfer property to plaintiffs when they had no legal claim to it. *Waggoner v. Miller*, 26 N.C. at 483. Insofar as Mary R. Smith's bequest to the State of North Carolina was entirely legal, the Complaint fails to state a claim against the State defendants.

### III. THE STATUTE OF LIMITATIONS BARS PLAINTIFFS' CLAIM.

A motion to dismiss under Rule 12(b)(6) is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense such as statute of limitations. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005); *Rogers v. Johnson-Norman,* 466 F. Supp. 2d 162, 173 (2006); *DePippo v. Chertoff*, 453 F. Supp. 2d 30, 33 (D.D.C. 2006).

In *Trimble v. Gordon*, 430 U.S. 762, 97 S. Ct. 1459, 52 L. Ed. 2d 31 (1977), the

United States Supreme Court held that an Illinois statute which permitted illegitimate children to inherit by intestate succession from its mother but permitted an illegitimate to take from its father only if he had been acknowledged the illegitimate child and married the mother violated the Equal Protection Clause of the Fourteenth Amendment. Thus, the North Carolina laws regarding intestate succession in place at the time of Francis J. Smith's death would have been deemed unconstitutional no later than 1977. In theory, after the decision in *Trimble*, plaintiffs could maintain a claim under 42 U.S.C. § 1983 against a person acting under color of state law who injured them by continuing to enforce an intestate succession law declared unconstitutional in *Trimble*. But, even if the Complaint alleged such a claim, which it does not, it would be barred by the statute of limitations.

The Fourth Circuit Court of Appeals has held that claims under 42 U.S.C. § 1983 are subject to the North Carolina three year limitation for actions alleging injury to the person or rights of another, not arising on contract, N.C. Gen. Stat. § 1-52(5). *National Advertising Co. v. Raleigh*, 947 F.2d 1158, 1161-1162 (4th Cir. 1991).[1] Consequently, even assuming that the holding in *Trimble* was retroactive to 1877, it appears on the face of the Complaint that any claim that plaintiffs might have brought to enforce their claim that the State defendants violated their Constitutional rights would have been barred as of April 26, 1980, three years after *Trimble*. See *American Trucking Ass'ns v. Smith*, 496 U.S. 167, 187, 110 S. Ct. 2323, 2335, 110 L. Ed. 2d 148, 165 (1990) (prospective application of a new principle of law begins on the date of the decision

---

[1] North Carolina statutes of limitation are applicable to this action because the Court has ordered the case to be transferred to the Eastern District of North Carolina.

announcing the principle). Therefore, the State defendants are entitled to have the Complaint against them dismissed.

## CONCLUSION

The Eleventh Amendment bars any claims plaintiffs may have alleged against the State defendants, the Complaint fails to allege a claim upon which relief can be granted and any claims plaintiffs might have brought are barred by the appropriate statute of limitations. Therefore, State defendants are entitled to have the Complaint against them dismissed.

Respectfully submitted this the 9th day of May 2007.

> ROY COOPER
> Attorney General
>
> /s/Thomas J. Ziko
> Thomas J. Ziko
> Special Deputy Attorney General
> N.C. Bar No. 8577
> P O Box 629
> Raleigh, North Carolina 27602-0629
> Tel. (919) 716-6920
> Fax (919) 716-6467
> tziko@ncdoj.gov

-11-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STATE OF NORTH CAROLINA'S, NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS', AND THE UNIVERSITY OF NORTH CAROLINA'S MOTION TO DISMISS** in the above captioned matter upon all parties by U. S. mail, postage prepaid as follows:

Burnie Majeed, Sr.
Burnie Majeed, Jr. and
Kenya Majeed
128 Rose Drive
Mullica Hill, New Jersey 08062
Plaintiffs Pro Se

This the 9th day of May 2007.

ROY COOPER
Attorney General

/s/Thomas J. Ziko
Special Deputy Attorney General
N. C. Department of Justice

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **BURNIE MAJEED, SR.; BURNIE MAJEED, JR.; and KENYA MAJEED,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE STATE OF NORTH CAROLINA; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; UNIVERSITY OF NORTH CAROLINA; and THE EPISCOPAL DIOCESE OF NORTH CAROLINA,**<br><br>Defendants. | **CASE NO. 1:07CV00222 (JR)**<br>Judge James Robertson |

### ORDER DISMISSING COMPLAINT AGAINST
### THE STATE OF NORTH CAROLINA; NORTH CAROLINA ADMINISTRATIVE
### OFFICE OF THE COURTS; AND UNIVERSITY OF NORTH CAROLINA

Upon the motion of the State of North Carolina, North Carolina Administrative Office of the Courts, and The University of North Carolina under F.R. Civ. P. Rule 12(b)(1), (2) and (6) to dismiss the Complaint on grounds of Eleventh Amendment immunity, failure to state a claim and statute of limitations and all papers and responses related there to, it is

**ORDERED** that the Complaint against the State of North Carolina, North Carolina Administrative Office of the Courts, and The University of North Carolina be and hereby is **DISMISSED**.

This the _____ day of _____ 2007.

_____

The Honorable James Robertson
United States District Court Judge

ATTORNEYS AND PARTIES ENTITLED TO BE NOTIFIED OF
ENTRY OF ORDER IN *MAJEED, et al. v. STATE OF NORTH CAROLINA, et al.,*
CASE NO. 1:07CV00222 (JR)

**Plaintiffs Pro Se**
Burnie Majeed, Sr.
Burnie Majeed, Jr. and
Kenya Majeed
128 Rose Drive
Mullica Hill, New Jersey 08062

**Counsel for Defendant Episcopal Diocese of North Carolina**
James Sottile
Zuckerman Spaeder LLP
1800 M Street NW
Suite 1000
Washington, DC 20036-5802

**Counsel for State Defendants**
ROY COOPER
Attorney General
Thomas J. Ziko
Special Deputy Attorney General
P O Box 629
Raleigh, North Carolina 27602-0629